[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12674
Oral Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00608 CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALICE PIRCHESKY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 31, 2006)**

Before DUBINA and HULL, Circuit Judges, and RESTANI*, Judge.

_____
*Hon. Jane A. Restani, United States Court of International Trade Chief Judge, sitting by designation.

PER CURIAM:

Alice Pirchesky appeals her convictions and sentences for conspiracy to defraud the United States, making false claims against the United States, making false statements in a matter within the jurisdiction of the Department of Defense ("DOD"), conspiracy to commit mail fraud, mail fraud, conspiracy to launder proceeds of mail fraud, laundering proceeds of mail fraud, conducting monetary transactions in excess of $10,000 with proceeds of mail fraud, conspiracy to defraud the Internal Revenue Service ("IRS"), and aiding and assisting the filing of a false income tax return, all in violation of 18 U.S.C. §§ 287, 371, 1001(a)(2), 1341, 1956(a)(1)(B)(i), 1956(h), and 1957, and 26 U.S.C. § 7206.

## I.

The record in this case demonstrates that Pirchesky worked as the accounting manager and comptroller for a consortium of companies that provided cable television service to private individuals and the DOD. She and the owner of the cable television companies embarked on a scheme to defraud the IRS, the cable networks who supplied television content, and the DOD out of millions of dollars. The scheme was enacted by falsifying the books and records of the companies, underreporting the number of cable subscribers to reduce the amounts owed to content providers, and the submission of false invoices to the DOD for

non-existent construction costs. Counts 9, 19, 64 and 65 of the indictment were dismissed with the government's consent. Additionally, the government moved to dismiss counts 70 and 71; the district court granted the motion and dismissed those counts. The jury found Pirchesky guilty on all remaining counts.

## II.

The following issues are presented for appellate review:

(1) Whether the district court abused its discretion in excluding expert testimony that Pirchesky's mental condition precluded the formation of specific intent;

(2) Whether the district court erred in denying Pirchesky's motion to sever the false statement and claim charges;

(3) Whether the district court erred in denying Pirchesky's motion to dismiss the indictment for multiplicitousness;

(4) Whether there existed sufficient evidence to support Pirchesky's convictions for mail fraud, money laundering, false claims and statements, and the filing of false tax returns; and

(5) Whether Pirchesky's sentence violated the Ex Post Facto Clause of the United States Constitution.

## III.

The exclusion of psychological opinion testimony is reviewed for abuse of discretion. *United States v. Brown*, 415 F.3d 1257, 1265 (11th Cir. 2005). Denials of motions to dismiss the indictment on the grounds of misjoinder or multiplicity are reviewed *de novo*. *United States v. Castro*, 89 F.3d 1443, 1450 (11th Cir. 1996) (misjoinder); *United States v. Sirang*, 70 F.3d 588, 595 (11th Cir. 1995) (multiplicity).

Denials of motions for judgment of acquittal based on the alleged insufficiency of the evidence are reviewed *de novo*, with the evidence viewed in the light most favorable to the prosecution, and all reasonable inferences and credibility choices made in the government's favor. *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997).

"We review constitutional challenges to a sentence *de novo*." *United States v. Chau*, 426 F.3d 1318, 1321 (11th Cir. 2005).

## IV.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we first conclude that the proffered psychological testimony was properly excluded because it failed to meet statutory and evidentiary requirements. Second, we conclude that the DOD conspiracy was

4

properly joined with the cable television conspiracy because, under Fed. R. Crim. P. 8(a), they were similar offenses. Joinder was also proper under Fed. R. Crim. P. 8(b), since the DOD scheme had a direct logical and evidentiary connection to the cable television scheme, and was further related to it based on their mutual interdependence with the IRS conspiracy. Moreover, we conclude from the record that the indictment was not multiplicious.

Because ample evidence supported the jury's verdicts, the district court correctly denied Pirchesky's motions for judgment of acquittal on the substantive offenses.

Finally, we conclude that the district court did not violate the Due Process or Ex Post Facto Clauses by enhancing Pirchesky's sentences based on facts not alleged in the indictment or proven to a jury. Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which was rendered prior to Pirchesky's sentencing and which governed that proceeding, the use of extra-verdict facts to enhance a sentence does not run afoul of the Constitution, and the only relevant maximum is the statutory maximum. *See United States v. Duncan*, 400 F.3d 1297, 1302-03 (11th Cir.), *cert. denied*, 126 S. Ct. 432 (2005). This court previously has rejected arguments similar, if not the same, to Pirchesky's due process and *ex post facto* arguments, holding that the statutory

maximum as provided in the United States Code did not change between the commission of the crimes and sentencing and satisfied due process concerns. *See id.* at 1307-08.

Based on the foregoing discussion, we affirm Pirchesky's convictions and sentences.

**AFFIRMED.**